UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ARVIND PATEL,<br><br>    Plaintiff,<br><br>    v.<br><br>AVELINA SAGNEP; HERMIE SAGNEP,<br><br>    Defendants.<br>_____/ | No. C 15-00953 LB<br><br>**ORDER (1) GRANTING DEFENDANT'S IFP APPLICATION AND (2) DIRECTING THE CLERK OF THE COURT TO REASSIGN THE ACTION TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>[Re: ECF Nos. 1, 3] |

**INTRODUCTION**

Plaintiff Arvind Patel brought an action for unlawful detainer against defendants Avelina Sagnep and Hermie Sagnep (collectively, "Defendants") in Alameda County Superior Court on October 21, 2014. (Notice of Removal, ECF No. 1 at 9.[1]) Defendant Avelina Sagnep ("Avelina"), who is proceeding *pro se*, removed the case from state court, alleging federal-question jurisdiction and diversity jurisdiction. (*Id.* at 2, 6.) Avelina also filed an application to proceed *in forma pauperis*. (IFP Application, ECF No. 3.) None of the parties has consented or declined the undersigned's jurisdiction. Upon consideration of the record, the court grants Avelina's IFP application. Nonetheless, because Plaintiff's unlawful detainer complaint presents only a state claim on its face,

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

and the parties are not diverse, the court finds no basis for federal jurisdiction. The court thus orders the Clerk of the Court to reassign the action to a district judge and recommends that the newly-assigned district judge remand the action to Alameda County Superior Court.

**STATEMENT**

On October 21, 2014, Plaintiff filed an unlawful detainer action against Defendants in Alameda County Superior Court. In short, Plaintiff alleges that Defendants are behind on their rent and that they continue to occupy Plaintiff's property in Fremont, California despite being served with a three-day notice to quit. At the time Plaintiff served the notice, Defendants owed $4,300 in rent, and the fair rental value is $69.04 per day. Thus, through this action, Plaintiff seeks less than $10,000 in damages.

On March 2, 2015, Avelina removed the action to this court, asserting both federal question and diversity jurisdiction. In the notice of removal, which Avelina titles as both a "Notice of Removal" and as "Defendant, Avelina Sagnep's Complaint for: Violations of 12 U.S.C. § 2601, et seq. [Real Estate Settlement Procedue Act] Calif. CCP 430.90," Avelina also purports to bring claims against Plaintiff for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.[2]

**ANALYSIS**

**I. THE COURT GRANTS AVELINA'S IFP APPLICATION**

Upon consideration of Avelina's IFP application, the court finds that Avelina qualifies to avoid paying the filing fee and grants the application.

**II. THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER THE ACTION**

**A. The Court Lacks Federal-Question Jurisdiction over the Action**

A defendant in a state court may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[3] 28 U.S.C. 1441(a). The burden is on the

---

[2] California Code of Civil Procedure § 430.90 specifies the time to file a response to the complaint when a case was removed to federal court but subsequently is remanded. At this time, it has no application here.

[3] District courts have original jurisdiction over cases that arise under the law of the United States. U.S. Const. art. III, § 2, cl.1.

removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). Nor can federal-question jurisdiction rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). However, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

Here, Plaintiff alleges a single claim against Defendants for unlawful detainer. (Complaint, ECF No. 1 at 9.) Unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez*, No. C 11-00451 WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. C 11-1894 PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) .

Avelina nonetheless asserts that the court has federal-question jurisdiction because Plaintiff allegedly violated RESPA. This statute does not appear on the face of Plaintiff's complaint, and Avelina's attempt to raise it, either as a federal defense to Plaintiffs' unlawful detainer claim or as an improperly alleged counterclaim, is not sufficient to confer jurisdiction. *Vaden*, 556 U.S. at 60 (jurisdiction cannot rest upon an actual or anticipated counterclaim); *Taylor*, 481 U.S. at 63 (jurisdiction must appear on the face of a well-pleaded complaint); *Hunter*, 582 F.3d at 1042-43

(jurisdiction cannot be predicated on actual or anticipated defenses). Accordingly, the court finds that there is no federal-question jurisdiction to support removal of this action.

### B. The Court Also Lacks Diversity Jurisdiction over the Action

Federal courts have original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Thus, in removal cases where the purported basis of jurisdiction is diversity jurisdiction, removal is not permitted where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action (even if the opposing parties are citizens of different states). *See* 28 U.S.C. § 1441(b).

First, the amount in controversy does not exceed $75,000. In unlawful detainer actions, the right to possession of the property is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession. *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (quoting *Evans v. Superior Ct.*, 67 Cal. App. 3d 162, 170 (1977)). Plaintiff is requesting damages in the amount of $4,300 in past due rent and of $69.04 per day, beginning on October 10, 2014. (Complaint, ECF No. 1 at 11.) The amount of damages at issue in this case does not come close to reaching the threshold amount.

Second, even assuming the threshold amount for diversity jurisdiction were satisfied, removal was not proper because Plaintiff filed suit in California, and Avelina, who is living in Plaintiff's property in Fremont, is a citizen of California. 28 U.S.C. § 1441(b) prohibits removal where a defendant in the case is a citizen of the state in which the plaintiff originally brought the action.

## CONCLUSION

Based on the foregoing, the court grants Avelina's application to proceed *in forma pauperis*, orders the Clerk of the Court to reassign this action to a district judge, and recommends that the newly-assigned district court judge remand the action to Alameda County Superior Court.

Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72. Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: March 9, 2015

_____
LAUREL BEELER
United States Magistrate Judge